NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER INGRIS,

        Plaintiff Pro Se,

v.

BOROUGH OF CALDWELL, et al.,

        Defendants.

No. 14-6388 (ES-MAH)

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before the Court by way of an Order to Show Cause [D.E. 2, 5] requiring Plaintiff pro se to explain why the Court should not dismiss this case due to: (i) lack of subject matter jurisdiction, and (ii) improper removal to federal court. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument. For the reasons set forth below, the Court respectfully recommends that the District Court remand this matter to the Superior Court of New Jersey, Law Division, Essex County.[1]

## II. BACKGROUND

In 2012, Plaintiff pro se filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). See Notice of Removal, Oct. 14, 2014, D.E.

---

[1] A decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). The Court therefore respectfully submits the following Report and Recommendation to the Honorable Esther Salas, United States District Judge.

1

1. In the Complaint, Plaintiff alleged thirteen separate causes of action, including intentional infliction of emotional distress, malicious prosecution, invasion of privacy, violation of N.J.S.A. § 56:13, defamation, and business libel. See id. at 17-18.[2] Defendants are the Borough of Caldwell, New Jersey and several individual employees, including police officers. See id. at ¶¶ 1-30.

Plaintiff removed the State Court Action to this Court under the All Writs Act, 28 U.S.C. § 1651, and the "28 U.S.C. 1983 Exception to the Anti-Injunction Act." See id. at ¶¶ 31-46. On October 20, 2014, the Undersigned entered an Order to Show Cause for Plaintiff to explain "why this matter should not be dismissed because: (i) of a lack of subject matter jurisdiction, and (ii) improper removal to federal court." See First Order to Show Cause at 3, Oct. 20, 2014, D.E. 2. The Order also provided Defendant an opportunity to state its position. See id. Plaintiff later filed a letter with the Clerk of Court indicating that the Clerk should correct his New Jersey mailing address on the public docket. See Pl.'s Letter, Nov. 3, 2014, D.E. 3. After concluding Plaintiff might not have received the First Order, and to ensure Plaintiff had fair notice, and an opportunity to be heard, the Court entered a Second Order to Show Cause. See Second Order to Show Cause, Nov. 6, 2014, D.E. 5.[3] That Order provided Plaintiff additional time to state his position opposing dismissal via a letter brief that includes "citations to relevant case law, including any pertinent decisions from the Third Circuit." See id. at 3.

Plaintiff apparently seeks removal of the State Court Action to prevent the trial judge in that matter from "[depriving Plaintiff] of due process and equal protection rights, by fraudulently

---

[2] Plaintiff did not attach the Complaint in the underlying State Court Action, ESX-L-5242-12, with his Notice of Removal. Thus, the Court's description of the Complaint is based on Plaintiff's summary. See Notice of Removal, at 17-18, D.E. 1.

[3] Despite the existence of two Orders to Show Cause, the Court shall refer to them as the "Order" because they are substantially similar.

denying/limiting [Plaintiff's] access to [court] proceedings" through the entry of various orders. See D.E. 1 at ¶ 45. Plaintiff alleges, that because this Court has jurisdiction, the trial judge in the State Court Action is improperly interfering with this matter by issuing summary judgment orders, and other rulings. See id. at ¶¶ 1-16, 45-46. Plaintiff further contends that this matter shares the same set of operative facts as another allegedly related federal case, Ingris v. Borough of Caldwell, Civ. No. 2:14-00855 (ES-JAD). See Notice of Removal at ¶¶ 4-7, D.E. 1. According to Plaintiff, removal is proper here under the All Writs Act and the "1983 exception of the Anti-injunction Act." See Pl.'s Opp. to Order to Show Cause at 5, Nov. 7, 2014, D.E. 8.[4]

Defendant opposes removal, and seeks dismissal with prejudice. See Def.'s Ltr. Br., Nov. 13, 2014, D.E. 11. First, Defendant asserts that under the removal statutes, 28. U.S.C. § 1441 and § 1446, only a defendant may remove a matter from state court. See id. at 1-2. Next, Defendant argues that subject matter jurisdiction does not exist because the allegations in the State Court Action raise no federal questions. See id. at 4. Finally, Defendant claims that Plaintiff knew that removal of the State Court Action was improper because this Court recently denied a similar attempt to do so in a different matter involving several of the same parties in this case. See id. at 3-4. In that other federal case, Plaintiff sought to remove a matter, also currently pending in Superior Court of New Jersey, Law Division, Essex County, on the grounds of

---

[4] Plaintiff does not discuss the specific "28 U.S.C. 1983 Exception to the Anti-Injunction Act" in his letter brief. The Anti-Injunction Act prohibits a federal court from enjoining state court proceedings unless: (i) the injunction is expressly authorized by an Act of Congress; (ii) performed in aid of the federal court's jurisdiction, or (iii) the federal court must protect or effectuate its judgments. See Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc., 187 F. Supp. 2d 414, 417 (W.D. Pa. 2002). Any doubts "about the propriety of entering an injunction should be resolved against doing so." Id. at 419 (citing Atl. Coast Line R.R. v. Bhd. of Locomotive Engrs., 398 U.S. 281, 297 (1970).

Here, Plaintiff has not explained how the Anti-Injunction Act either properly confers jurisdiction or otherwise cures the fatal deficiencies present in his removal petition. The Court thus concludes that the Anti-Injunction Act does not apply to confer federal jurisdiction here.

judicial economy, and the All Writs Act.  See Remand Order 2:14-cv-03332-WJM-MF at 1-2, July 21, 2014, at Ex. B to Def.'s Ltr. Br., D.E. 11; see also Order Denying Stay of Remand, Aug. 6, 2014, at Ex. C to Def.'s Ltr. Br., D.E. 11.  The Court in the other federal case, however, remanded after concluding that: (i) the All Writs Act provided no basis for Plaintiff's removal, (ii) the Court lacked subject matter jurisdiction because Plaintiff primarily asserted New Jersey state law claims, and (iii) complete diversity was absent.  See Remand Order 2:14-cv-03332-WJM-MF at 3-4, Ex. C to Def.'s Ltr. Br., D.E. 11.

### III.  DISCUSSION

#### A.  SUBJECT MATTER JURISDICTION

Section 1331 of Title 28 of the United States Code provides federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal jurisdiction arises "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition."  Jayme v. MCI Corp., 328 Fed. App'x. 768, 770 (3d Cir. 2008) (internal quotations and citations omitted).  While courts hold pleadings drafted by pro se litigants to less stringent standards than those drafted by lawyers, pro se litigants still bear the "burden of showing that the case is properly before the court at all stages of the litigation."  Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 466 (D.N.J. 2012) (internal quotations and citations omitted).

Diversity jurisdiction, which exists under 28 U.S.C. § 1332, also provides federal jurisdiction, but only if the party asserting diversity jurisdiction pleads "complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000."  Id. at 467. For this reason, subject matter jurisdiction is absent if plaintiff and any defendant are citizens of the

same state.  See, e.g., Schneller v. Crozer Chester Med. Center, 387 Fed. App'x 289, 292 (3d Cir. 2010).  Moreover, a federal court lacking subject matter jurisdiction over a removed case must remand the matter back to state court.  28 U.S.C. § 1447(c); see Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (concluding that a federal court cannot proceed without subject matter jurisdiction).

### i. THE ALL WRITS ACT

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act authorizes writs "in aid of [the courts'] respective jurisdictions, and thus does not provide an independent basis of federal subject-matter jurisdiction [which means that] a plaintiff cannot sue invoking only the court's All Writs power."  Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070 (11th Cir. 2001).  For instance, the Supreme Court has clarified, "the All Writs Act does not furnish removal jurisdiction."  Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002).  Accordingly, parties "may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for removal."  Id. at 32-33.

In addition, the Third Circuit has emphasized that "in exceptional circumstances [a court] may use its authority under the [All Writs] Act to remove an otherwise unremovable state court action to prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  Davis v. Glanton, 107 F.3d 1044, 1047 n.4 (3d Cir. 1997) (internal citations and quotations omitted) (remanding matter and declining to exercise jurisdiction under the All Writs Act because no extraordinary circumstances were present, and because defendants could not demonstrate removal was proper where court still lacked jurisdiction).

### B. REMOVAL

Removal of a civil case to federal court is governed by 28 U.S.C. § 1441 and § 1446. Removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). In general, the party seeking removal bears the burden of establishing that removal is proper. See Rosebud Holding L.L.C. v. Burks, 995 F. Supp. 465, 467 (D.N.J. 1998). Additionally, a defendant may remove an action first brought in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States. . . ."). Moreover, "[n]ot only are the removal statutes clear and unambiguous, the case law interpreting them overwhelmingly supports the proposition that only a defendant may remove an action from state court." Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 211 (E.D.N.Y. 1998); see also Untracht v. Fikri, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("What Plaintiff is in essence asking the Court to do is to allow him to remove an action he filed in state court. [However, removal] by a plaintiff is not permitted because the plaintiff had the original choice of forum.").

### C. ANALYSIS

In this case, remand is appropriate because the Court lacks subject matter jurisdiction. See Farina, 625 F.3d at 114. First, Plaintiff simply has not indicated which of his thirteen pending claims in the State Court Action create a federal question. Perhaps it is because all of the thirteen claims are actually state law claims, which cannot confer federal question jurisdiction. See D.E.1 at 17-18; see also Jayme, 328 Fed. App'x. at 769-770. Likewise,

diversity jurisdiction necessarily cannot exist because Plaintiff, and at least of one Defendant, Borough of Caldwell, New Jersey, share New Jersey citizenship. See D.E. 1 at ¶¶ 1-30; see also Schneller, 387 Fed. App'x at 292.

Furthermore, Plaintiff's attempt to remove the State Court Action under 28 U.S.C. § 1441 is improper. See Gehm, 992 F. Supp. at 211. Here, Plaintiff pro se has provided no law contradicting the long-established proposition that only defendants may remove matters from state court. See id.[5] Instead, Plaintiff has cited various cases that allegedly permit a plaintiff to remove a state court case under the All Writs Act. See D.E. 8 at 1-5.[6] Simply put, the All Writs

---

[5] Without leave of Court, Plaintiff pro see submitted a motion to modify the Orders to Show Cause. See; Pl.'s Mot. to Modify, Nov. 24, 2014, D.E. 16. Lacking any evidence, Plaintiff argues that the Clerk of Court, and the Undersigned, allegedly conspired to prevent him from receiving the First Order to Show Cause. Plaintiff also claims that the Clerk of Court intentionally docketed his wrong home address, and removed claims that provide the Court with jurisdiction over this case. See id. at 3-6, 10-18.

Upon considering Plaintiff's supplemental submission, the Undersigned concludes that it does not alter the recommendation to dismiss this matter for lack of subject matter jurisdiction, and improper removal. In particular, the Court, sua sponte, cured whatever undue delay or prejudice Plaintiff may have suffered when he did not receive the First Order to Show Cause to demonstrate that removal was proper. Indeed, the Second Order to Show Cause provided Plaintiff additional time to present the evidence necessary for his case to proceed in this Court. As set forth above, Plaintiff quite clearly has not satisfied his burden. Plaintiff submitted, and the Court has considered, his response to the Order to Show Cause. Nonetheless, Plaintiff quite clearly has not satisfied his burden.

[6] Indeed, Plaintiff relies on cases that are readily distinguishable from this matter. See Yonkers Racing Corp. v. Yonkers, 858 F.2d 855, 863-64 (2d Cir. 1988) (finding an "extraordinary circumstance" under the All Writs Act as a basis for removal where the parties' imminent actions would likely violate a state court consent decree). Unlike Yonkers, Plaintiff in this case has identified no state court order that would create unique and pressing circumstances necessitating removal jurisdiction. Plaintiff, moreover, relies on cases where, unlike here, federal jurisdiction existed. See Chance v. Sullivan, 993 F. Supp. 565, 567-68 (S.D. Tex. 1998) (noting that federal question jurisdiction existed because of a previously related federal case); U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., 907 F.2d 277, 281 (2d Cir. 1990) (noting that subject matter jurisdiction was undisputed because the case was filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964). Even worse, Plaintiff relies on cases contradicting his argument that the All Writs Act provides removal authority. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 314 F.3d 99, 106 (3d Cir. 2002) (reversing the District Court's reliance on the All Writs Act as a basis of removal) ("[T]he All Writs Act cannot be used to effect a removal. Accordingly, the District Court erred in refusing to remand the case for lack of federal subject-matter jurisdiction."); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (emphasizing that the All Writs Act "does not furnish removal jurisdiction.").

7

Act cannot provide jurisdiction in this case because: (i) no extraordinary circumstances are present, and (ii) the Court has issued no orders that the state court may frustrate.  See Davis, 107 F.3d at 1047 n.4.  In addition, courts have often emphasized that litigants may not use the All Writs Act as a basis for jurisdiction where, as here, no such subject matter jurisdiction exists.  See, e.g., Syngenta, 537 U.S. at 32.  Remanding this matter back to state court is therefore appropriate.

### IV.    CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that that the Court grant the Order to Show Cause [D.E. 2, 5] and remand this matter to the Superior Court of New Jersey, Law Division, Essex County.

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

Date: December 11, 2014

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**