NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PETER INGRIS,** | |
| **Plaintiff Pro Se,** | Civil Action No. 14-6388 (ES) |
| v. | **MEMORANDUM OPINION & ORDER** |
| **BOROUGH OF CALDWELL, et al.,** | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

### I. INTRODUCTION

This matter comes before the Court by way of an Order to Show Cause, (D.E. Nos. 2 & 5), requiring pro-se Plaintiff Peter Ingris ("Mr. Ingris") to explain why the Court should not remand this case due to: (i) lack of subject matter jurisdiction, and (ii) improper removal to federal court. On December 16, 2014, under Local Civil Rule 72.1(a)(2), the Honorable Michael A. Hammer, United States Magistrate Judge, issued a Report and Recommendation (the "R&R") that the undersigned remand this matter to the Superior Court of New Jersey, Law Division, Essex County. (D.E. No. 19). Mr. Ingris timely filed objections to the R&R under Local Civil Rule 72.1(c)(2) on December 29, 2014. (D.E. No. 22 ("Obj."); *see also* D.E. Nos. 21-1 ("Statement") and 21 ("Certification")). For the reasons set forth below, however, the Court adopts the R&R and remands this matter to the Superior Court of New Jersey, Law Division, Essex County.

### II. THE REPORT AND RECOMMENDATION

In the R&R, Judge Hammer determined that remand is appropriate because the Court lacks subject matter jurisdiction. (R&R at 6). First, Judge Hammer noted that "Plaintiff simply has not

indicated which of his thirteen pending claims in the State Court Action create a federal question." (*Id.* at 6). Second, Judge Hammer concluded that "diversity jurisdiction cannot exist because Plaintiff, and at least of [sic] one Defendant, Borough of Caldwell, New Jersey, share New Jersey citizenship." (*Id.* at 7). Finally, Judge Hammer found that the All Writs Act was insufficient grounds for jurisdiction due to lack of "exceptional circumstances." (*See id.* at 7–8).

Mr. Ingris's objects to the R&R on the grounds that it is unconstitutional and motivated by racial bias. (Obj. at 7–8). In sum, Mr. Ingris alleges that he did not receive "reasonable notice" of the Order to Show Cause[1] due to Judge Hammer's alleged conspiracy with the Defendants, and also contends that he is entitled to oral argument to show why jurisdiction is proper. (*See, e.g.*, Statement ¶¶ 5, 12, 19, 22–25).

### III. STANDARD OF REVIEW

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). "*De novo* review does not imply that an additional hearing is required, but rather the court, at its discretion, may rely on the record developed by the magistrate judge . . . ." *Cataldo v. Moses*, 361 F. Supp. 2d 420, 426 (D.N.J. 2004) (internal citation omitted).

### IV. FACTUAL BACKGROUND

The Court provides the background of this action in summary fashion because Judge Hammer provided the relevant factual and procedural background in the R&R. (*See* R&R at 1–

---

[1] Although there are two Orders to Show Cause, the Court shall refer to them as the "Order" because they are substantively similar.

2

4). Briefly, Mr. Ingris filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County in 2012 (the "State Court Action"). On October 14, 2014, Mr. Ingris removed the State Court Action to this Court under the All Writs Act, 28 U.S.C. § 1651, and the "28 U.S.C. 1983 Exception to the Anti-Injunction Act." (*See* D.E. No. 1, Notice of Removal at ¶¶ 31–46). Judge Hammer issued an Order to Show Cause for Plaintiff to explain why this matter should not be dismissed because: (i) of a lack of subject matter jurisdiction, and (ii) improper removal to federal court, and directed Ingris to include citations to relevant case law. (*See* D.E. Nos. 2 & 5).

## V. DISCUSSION

### A. Legal Background

It is well established that federal courts cannot exercise their jurisdiction unless the Constitution and Congress expressly have granted them the power to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A federal court lacking subject matter jurisdiction over a removed case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (concluding that a federal court cannot proceed without subject matter jurisdiction). Although courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear the "burden of showing that the case is properly before the court at all stages of the litigation." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012) (internal quotations and citations omitted).

A plaintiff is not permitted to remove an action filed in state court to federal court. *See* 28 U.S.C. §§ 1441, 1446; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). "Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum." *Untracht v.*

*Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006), *aff'd*, 249 F. App'x 268 (3d Cir. 2007).

A federal district court may have subject-matter jurisdiction if a federal question is raised or because of the diversity of citizenship of the parties. Federal question jurisdiction arises "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 Fed. App'x. 768, 770 (3d Cir. 2008) (internal quotations and citations omitted). Diversity jurisdiction requires complete diversity—no plaintiff can be a citizen of the same state as any of the defendants. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)).

The All Writs Act (the "Act") provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the Act "does not provide an independent basis of federal subject-matter jurisdiction," *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001), and the Act "does not furnish removal jurisdiction." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). Accordingly, parties "may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for removal." *Id.* at 32–33. Indeed, the Third Circuit has clarified that the Act is to be used only in "exceptional circumstances." *Davis v. Glanton*, 107 F.3d 1044, 1047 n.4 (3d Cir. 1997) (internal citations and quotations omitted) (remanding matter and declining to exercise jurisdiction under the All Writs Act because no exceptional circumstances were present, and because defendants could not demonstrate removal was proper where court still lacked jurisdiction).

4

B.  Analysis

Here, as Judge Hammer correctly determined in the R&R, (*see* D.E. No. 19 at 6–8), Mr. Ingris fails to show how this Court has subject matter jurisdiction.  As an initial matter, the removal statute prohibits Mr. Ingris—plaintiff in the removed State Court Action—from removing to federal court.  *See Shamrock*, 313 U.S. at 104.  Additionally, Mr. Ingris has not demonstrated which of his pending claims in the State Court Action give rise to federal question jurisdiction, *Jayme*, 328 Fed. App'x. at 770; nor can he establish diversity jurisdiction because he and at least one Defendant—Borough of Caldwell, New Jersey—share New Jersey citizenship.  *Midlantic Nat'l Bank*, 48 F.3d at 696.  Finally, Mr. Ingris has not demonstrated that "exceptional circumstances" warrant finding jurisdiction under the All Writs Act.  *Glanton*, 107 F.3d at 1047 n.4.  Even giving Mr. Ingris the benefit of favorable inferences given his status as a *pro se* litigant, the Court is not convinced that his unfounded speculations of racial bias and conspiracy are actual "exceptional circumstances" sufficient to yield jurisdiction.  Simply put, the Court has searched the record before it and finds no credible evidence of racial bias and/or conspiracy.

Additionally, the Court finds that Judge Hammer properly relied on Federal Rule of Civil Procedure 78(b) when issuing the R&R without oral argument.  Mr. Ingris has not cited any persuasive authority which provides a right to oral argument otherwise.  Indeed, the Court is satisfied that Mr. Ingris had sufficient notice of the Order to Show Cause and opportunity to be heard.  Judge Hammer entered two separate Orders to Show Cause, (*see* R&R at 2), Mr. Ingris submitted a response, (D.E. No. 8), and his objections to the R&R totaled over fifty pages, (*see* D.E. Nos. 21 & 22).  Despite this ample opportunity, Mr. Ingris has failed to meet his burden of showing that the case is properly before this Court.  *Atl. City Med. Ctr.*, 861 F. Supp. 2d at 466.

As such, the Court must remand this matter back to state court. 28 U.S.C. § 1447(c); *Farina*, 625 F.3d at 114.

The Court has reviewed *de novo* Mr. Ingris's objections, as well as Magistrate Judge Hammer's R&R, and for the reasons stated above and in the R&R,

**IT IS** on this 23rd day of February 2015,

**ORDERED** that this Court ADOPTS Magistrate Judge Hammer's Report and Recommendation, (D.E. No. 19), as the Opinion of this Court; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Law Division, Essex County; and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**